### Luther Hall & another *vs.* Paul Mayo.

The consignee of a cargo cannot maintain an action against the master of a vessel who has receipted in a bill of lading for a larger amount of goods than was actually put on board, if it appears that the consignee has not paid for the goods on the faith of the bill of lading, and has an agreement with the shippers that he is only to pay them for what he received, unless he can recover of the master the difference between this amount and the amount named in the bill of lading.

Contract brought by the consignees of a cargo of coal against the master of the bark Hadley, alleging that the latter signed bills of lading for two hundred and eighty tons of coal, consigned to the plaintiffs from Baltimore, and that the plaintiffs had purchased and paid for that amount, but that the defendant had delivered to them only two hundred and sixty-five tons.

At the trial in the superior court, before *Vose,* J., the defendant offered evidence of a usage in the coal trade, that, when a vessel is chartered to carry coal, the master places her in a position to receive it, and the shipper takes an account of its weight and puts it on board, and prepares the bills of lading for the master to sign, and that neither the master nor any person in behalf of the owners of the vessel attends to the matter. It appeared that about eighty tons of this cargo was taken directly from a canal boat, having been weighed at the locks. Robbins, one of the plaintiffs, testified that he paid for the coal by two notes, one of which was given before the delivery and weighing of the coal, and the other after ascertaining the deficiency in the weight; that they had not paid the latter note, and that the amount which they should have to pay upon it would depend on the result of this suit, and that what they recovered was to

be taken out of it. The plaintiffs requested the court to instruct the jury that the bill of lading was conclusive upon the defendant as to the number of tons of coal; that it was his duty to ascertain the weight; and that the custom at Baltimore was no excuse for his not doing so. The judge declined so to rule, and instructed the jury that, if the alleged usage was proved, and the master in this case in good faith signed the bills of lading, believing that they stated the true amount of coal which was shipped, and delivered to the plaintiffs all which he received, the plaintiffs could not recover; and if the plaintiffs had notice of the deficiency before they settled for the coal, and with such notice paid for the amount named in the bill of lading, they could not recover.

The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*J. Nickerson,* for the plaintiffs.

*J. C. Dodge,* for the defendant.

HOAR, J. The case comes directly within the principle stated in *Sears* v. *Wingate,* 3 Allen, 103, and in *Shepherd* v. *Naylor,* 5 Gray, 592. Instead of having bought and paid for a larger quantity of coal than was delivered by the master, on the faith of the bill of lading which he signed, the plaintiffs gave a note as a part of the price after the deficiency was discovered; and with an agreement with the shippers that they are not to pay for more than they received, unless they recover it of the master. In effect, this suit seems to be brought by the plaintiffs as the agents and for the benefit of the shippers, to recover of the master, who has faithfully carried all the coal he received on board, the value of some that was not shipped, and which he was induced to receipt for in the bill of lading by the misrepresentation of the shippers themselves. It also appears affirmatively, aside from the alleged usage of trade, that the master had not the means of knowing the weight of the coal when it was shipped. *Exceptions overruled.*